UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DUSTIN PATRICK CURTIS, | ) |
| :--- | :--- |
| Petitioner, | ) ) ) |
| v. | ) ) No. 4:19-cv-03148-RLW |
| STATE OF MISSOURI, | ) ) ) |
| Respondent. | ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Dustin Patrick Curtis's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the petition will be summarily dismissed.

### **Background**

At the time the instant action was filed, petitioner was a state pretrial detainee being held at the St. Charles County Department of Corrections in St. Charles, Missouri. On February 16, 2018, petitioner was indicted on one count each of second-degree kidnapping, second-degree domestic assault, unlawful use of weapon, first-degree domestic assault, and first-degree rape or attempted rape. *State of Missouri v. Curtis*, No. 1811-CR00257-01 (11th Jud. Cir., St. Charles County).[1] During the course of petitioner's criminal proceeding, he was ordered to undergo a mental health examination to determine his competency to stand trial. On November 15, 2018, the circuit court committed petitioner to the Department of Mental Health because petitioner lacked the capacity to understand the proceedings against him. The criminal charges against petitioner

---

[1] Petitioner's state criminal case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of this public record. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

were suspended to give him time to regain his competency. Following his commitment, petitioner filed a number of pro se motions in the circuit court, including a request for a speedy trial.[2]

On May 8, 2019, petitioner filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Missouri. *Curtis v. State of Missouri*, No. 4:19-cv-1208-SNLJ (E.D. Mo.). As his grounds for relief, petitioner alleged that his constitutional rights were being violated because: he had not been allowed to go to trial; his ex-girlfriend had made fictitious claims against him; he was not given the *Miranda* advisory; his pro se motions had not been ruled upon; he had not been taken to any hearings; and his bond was too high. The petition was dismissed on October 28, 2019.

On July 23, 2019, the circuit court entered an order finding that petitioner was no longer incompetent to understand the proceedings against him or to assist in his defense. He was discharged from the Department of Mental Health and the criminal proceeding was resumed.

Petitioner filed the instant 28 U.S.C. § 2241 petition on November 25, 2019. (Docket No. 1). In the petition, he alleges that he has been deprived of his right to a speedy trial. (Docket No. 1 at 6).

On December 19, 2019, not long after the filing of the instant action, petitioner pleaded guilty in state court to second-degree kidnapping, second-degree domestic assault, and unlawful use of a weapon. The first-degree domestic assault count and the rape count were dismissed. On January 9, 2020, petitioner was sentenced to a term of seven years' imprisonment on each count, the sentences to run concurrently. However, petitioner was also placed into the long-term treatment program for cocaine dependents.

---

[2] In the instant petition, petitioner asserts that he filed a total of fifty-seven pro se motions. (Docket No. 1-2 at 18).

Discussion

At the time this action was filed, petitioner was a state pretrial detainee who sought to have his charges dismissed based on a violation of his right to a speedy trial. For the reasons discussed below, the petition must be denied, and this action dismissed without prejudice.

A. 28 U.S.C. § 2241

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968). *See also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial"). However, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); and *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). As such, a § 2241 petition is the appropriate method for a pretrial detainee to attack his case on speedy trial grounds.

B. Missouri Speedy Trial Act

To the extent that petitioner is claiming his rights under the Missouri Speedy Trial Act were violated, the Court is unable to grant petitioner relief. Federal courts do "not have jurisdiction under 28 U.S.C. § 2241...to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986). Rather, such claims based on

state law and the actions of state officials must be addressed by a state court. *Id. See also Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984) (stating that in the context of a § 2254 habeas petition, the "question of whether the state violated its own speedy trial statute is a matter for the state courts"). As such, to the extent that petitioner's speedy trial claim is based on state law, the petition must be denied.

### C. Sixth Amendment

To the extent that petitioner is claiming that his right to a speedy trial under the Sixth Amendment[3] was violated, the Court is again unable to grant petitioner relief. Absent extraordinary circumstances, federal courts should not interfere with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). To that end, when a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (stating that the doctrine of exhaustion of state remedies is meant to protect state courts' opportunity to confront and resolve constitutional issues within their jurisdictions, and is especially important in a speedy trial claim, where the relief granted usually results in dismissal of the case); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, petitioner must first exhaust his state

---

[3] The Sixth Amendment provides in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial..." U.S. Const. amend. VI.

remedies, absent a showing of "special circumstances"); and *Moore v. DeYoung*, 515 F.2d 437, 446 (3rd Cir. 1975) (stating that speedy trial issues require state exhaustion before there can be federal habeas consideration, unless the petitioner can demonstrate "extraordinary circumstances" that would obviate the exhaustion requirement). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Here, petitioner has not demonstrated that he has exhausted his state court remedies. Moreover, he has failed to establish any "special circumstances" that would allow him to avoid exhausting his state remedies. The Supreme Court has warned federal courts to guard against the interruption of state adjudications by federal habeas proceedings. *See Braden*, 410 U.S. at 490. In particular, a petitioner is not allowed to derail a pending state criminal proceeding by attempting to prematurely litigate constitutional defenses in state court. *See Neville*, 611 F.2d at 676. Therefore, to the extent that petitioner's claim is based on the alleged violation of the Sixth Amendment right to a speedy trial, the petition must be dismissed.

### D. Petitioner is no Longer a Pretrial Detainee

At the time petitioner filed the instant action, he was a pretrial detainee, awaiting trial before the Circuit Court of St. Charles County, Missouri. Upon review of petitioner's criminal case, however, it now appears that he has pleaded guilty and has been sentenced. Accordingly, an action pursuant to 28 U.S.C. § 2241 would no longer be appropriate. That is, a person in custody pursuant to the judgment of a state court "can only obtain habeas relief through § 2254, no matter how his pleadings are styled." *Crouch v Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that not only was § 2254 an appropriate vehicle for state prisoner's claims, it was, "as a practical matter, the only vehicle"). For this reason as well, the petition must be dismissed.

### E. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed above, it plainly appears that petitioner is not entitled to relief on his § 2241 petition. Therefore, the petition will be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1) is **DENIED AND DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 13th day of April, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE